# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| TIMOTHY DYER, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 3:11-cv-00172-RCJ-VPC |
| AMERICAN MORTGAGE NETWORK, INC. et al., | ) ) ) | **ORDER** |
| Defendants. | ) ) ) | |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy type complaint listing eleven causes of action. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. For the reasons given herein, the Court grants the motions in part and denies them in part, dismissing all claims except that for statutorily defective foreclosure under section 107.080(2)(c).

## I. THE PROPERTY

Timothy Dyer gave lender American Mortgage Network, Inc, ("AMN") a promissory note for $608,000 to purchase property at 1725 Chaise Dr., Carson City, NV 89703 (the "Property"). (*See* Deed of Trust ("DOT") 1–3, Mar. 9, 2006, ECF No. 9-1). First American Title Insurance Co. ("First American") was the trustee. (*See id.* 2). MERS assigned the DOT to Wachovia Bank, N.A. (*See* Assignment, Nov. 4, 2009, ECF No. 9-3). National Default

1  Servicing Corp. ("NDSC") filed the Notice of Default ("NOD") based on a default of $78,475.70
2  as of March 9, 2009. (*See* NOD, Mar. 9, 2009, ECF No. 9-2).  NDSC noticed a trustee's sale for
3  December 3, 2009, (*see* First Notice of Sale ("NOS"), Nov. 5, 2009, ECF No. 9-4), again for
4  April 15, 2010, (*see* Second NOS, Mar. 11, 2010, ECF No. 9-5), and again for December 2,
5  2010, (*see* Third NOS, Oct. 28, 2010, ECF No. 9-7).  Plaintiff petitioned for Chapter 13
6  bankruptcy in this District on July 21, 2010, but the bankruptcy judge dismissed the petition on
7  October 15, 2010. (*See* Docket in Case No. 10-bk-52870-GWZ, ECF No. 9-6).

## II.   ANALYSIS

Although the affirmative claims fail for reasons explained elsewhere in substantively identical cases, there may have been a statutorily defective foreclosure in this case.  There is no evidence the foreclosing entity was the trustee or other agent of the beneficiary when it filed the NOD.  Although MERS may transfer the beneficial interest if, as here, the DOT indicates an intent to give it this agency, *see Smith v. Cmty. Lending, Inc.*, 773 F. Supp. 2d 941, 943–44 (D. Nev. 2011); DOT 3, and a beneficiary who proceeds to a trustee's sale after a purported trustee files an NOD before it has in fact become the trustee may thereby ratify the filing, *see Nevada ex rel. Bates v. MERS*, No. 3:10–cv–00407–RCJ–VPC, 2011 WL 1582945, at *5 (D. Nev. Apr. 25, 2011) (citing Restatement (Third) of Agency § 4.03 & cmt. b), in this case NDSC could not have purported to have been acting for Wachovia when it filed the NOD, because MERS had not yet transferred the beneficial interest to Wachovia, (*compare* NOD, Mar. 9, 2009, *with* Assignment, Nov. 4, 2009).

///
///
///
///
///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 8, 11) are GRANTED in part and DENIED in part. All claims are dismissed except that for statutorily defective foreclosure under section 107.080(2)(c).

IT IS FURTHER ORDERED that Defendants will not sell the Property for one-hundred (100) days. During this period, Plaintiff will make full, regular monthly payments under the note every thirty (30) days, **with the first payment being due ten (10) days after the date of this order**. The amount of each payment will be according to the monthly payment as of the date of the NOD. **Payments will be made either to the current servicer or deposited with the Clerk**. Failure to make interim payments during the injunction period will result in dissolution of the injunction. Plaintiff need not pay late fees or cure the entire amount of past default at this time.

IT IS FURTHER ORDERED that during the injunction period the parties will engage in the state Foreclosure Mediation Program ("FMP"), if available. If not available, Defendants will conduct a private mediation with Plaintiff in good faith. Although such private mediation need not comport with all of the procedural and documentary requirements of the FMP, the beneficiary must send a representative to the mediation with actual authority to modify the note, and Plaintiff must provide debt, asset, and income data to Defendants in advance of the mediation.

IT IS SO ORDERED.

Dated this 19th day of September, 2011.

_____
ROBERT C. JONES
United States District Judge