UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY DYER,<br><br>           Plaintiff,<br><br>vs.<br><br>AMERICAN MORTGAGE NETWORK, INC. et al.,<br><br>           Defendants. | 3:11-cv-00172-RCJ-VPC<br><br>ORDER |

      This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy type complaint listing eleven causes of action. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. The Court has dismissed all claims except that for statutorily defective foreclosure. Defendants have moved for summary judgment on that claim. For the reasons given herein, the Court denies the motion.

## I.    THE PROPERTY

      Plaintiff Timothy Dyer gave lender American Mortgage Network, Inc. ("AMN") a $608,000 promissory note secured by real property at 1725 Chaise Dr., Carson City, NV 89703 (the "Property"). (*See* Deed of Trust ("DOT") 1–3, Mar. 9, 2006, ECF No. 41-1, at 37). The trustee was First American Title Insurance Co. ("First American"), and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's "nominee." (*Id.* 2). The $608,000 loan

1  was a refinance, with $30,000 cash back. (*See* Dyer Dep. 45:8–19, Dec. 15, 2011, ECF No. 41-1, at 2).

MERS assigned the note and DOT to Wachovia Bank National Association ("Wachovia"). (*See* Assignment, Nov. 4, 2009, ECF No. 41-2, at 25). Wachovia substituted National Default Servicing Co. ("NDSC") as trustee. (*See* Substitution, Nov. 4, 2009, ECF No. 41-2, at 27). NDSC filed the notice of default ("NOD") based on a default of $78,475.70 as of March 9, 2009. (*See* NOD 1–2, Mar. 9, 2009, ECF No. 41-2, at 21). NDSC scheduled a trustee's sale for April 15, 2010. (*See* Notice of Trustee's Sale 1–2, Mar. 11, 2010, ECF No. 41-2, at 30). NDSC later scheduled a second trustee's sale for December 2, 2010. (*See* Notice of Trustee's Sale 1–2, Oct. 28, 2010, ECF No. 41-2, at 35).

## II.  ANALYSIS

The Court previously refused to dismiss the claim for statutorily defective foreclosure because NDSC had filed the NOD not only before it became the trustee, but also before the party that eventually substituted NDSC as trustee (Wachovia) obtained the beneficial interest, and Wachovia could not ratify actions NDSC purported to take on behalf of the beneficiary before Wachovia was in fact the beneficiary. (*See* Order 2:12–20, Sept. 19, 2011, ECF No. 32). The Court reasoned thus because there was no substitution of trustee attached to the previous motions to dismiss. (*See* Request for Judicial Notice, Apr. 22, 2011, ECF No. 12).

Defendants have now produced the substitution of trustee. The complete record now shows that NDSC was properly substituted as trustee on November 4, 2009, but it is still apparent that NDSC filed the NOD on March 9, 2009, eight months before it became the trustee or the party that substituted it even had the beneficial interest. NDSC purported in the NOD to be acting on behalf of America's Servicing Company. Wachovia cannot ratify the NOD because NDSC did not even purport to be acting for Wachovia. *See* Restatement (Third) of Agency § 4.03 ("A *person* may ratify an act if the actor acted or purported to act as an agent on *the*

*person's* behalf." (emphases added)). Because Wachovia was not the person on whose behalf NDSC purported to act when filing the NOD, Wachovia cannot ratify the NOD under ordinary agency principles. *See id.* And even if NDSC had purported to act on behalf of Wachovia, this would not have been enough to satisfy the statutes, because Wachovia was not at that time the beneficiary, and Wachovia's later ratification would merely be a ratification of a wrongful act, i.e., the filing of the NOD by an entity that was neither the beneficiary, trustee, or agent of either. *See* Nev. Rev. Stat. § 107.080(2)(c). The Court will deny the motion for summary judgment. NDSC simply has to file a new NOD if it wishes to foreclose nonjudicially.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 41) is DENIED.

IT IS SO ORDERED.

Dated this 11th day of May, 2012.

_____
ROBERT C. JONES
United States District Judge